**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**CHIQUITA SMITH,** *Individually, and
on behalf of herself and other similarly
situated current and former employees*,

    Plaintiff,

v.

**CARE4ALL CAREGIVERS, LLC**,
*a Mississippi Limited Liability Company*, and
**SANDI ANN SEYMOUR-NECAISE**,
*an individual*,

    Defendants.

**NO.** 1:22cv94 TBM-RPM

**FLSA Opt-In Collective Action
JURY DEMANDED**

### COLLECTIVE ACTION COMPLAINT

Plaintiff Chiquita Smith ("Plaintiff"), individually and on behalf of all others similarly situated, files this Original Collective Action Complaint under the Fair Labor Standards Act ("FLSA") against the above-named Defendants and shows as follows:

**I.  NATURE OF SUIT**

1. The Fair Labor Standards Act ("FLSA") was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-

half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants violated the FLSA by failing to properly classify Plaintiff and other similarly situated caregivers as employees and by failing to pay them in accordance with the FLSA's overtime provisions within weekly pay periods during all times relevant and material to this lawsuit. Defendants misclassified Plaintiff and similarly situated caregivers as exempt from the protections of the FLSA and failed to pay proper regard to the amount of hours Plaintiff and those similarly situated actually worked or guarantee proper payment of overtime hours.

3. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

4. Defendants also violated the FLSA by failing to pay Plaintiff and similarly situated caregivers the FLSA minimum wage rates for "edited-out/shaved" work hours within weekly pay periods during all times relevant and material herein.

## II.  PARTIES

5. Defendant Care4all Caregivers, LLC ("Care4all") is a Limited Liability Company with its principal address located at 5417 Diamondhead, MS 39525. Defendant's registered agent for service of process is Michael J. Casano, 4403 West Aloha Drive, Diamondhead, MS 39525.

6. Defendant Sandi Ann Seymour-Necaise is the owner, manager, and Chief Executive Officer of Care4all. She and Care4all Caregivers, LLC are collectively referred to herein as "Defendants."

7. Defendant Sandi Ann Seymour-Necaise exercised operational control over Care4all at all times herein material, including over its pay practices. Upon information and belief, Ms.

Seymour-Necaise may be served with process at 5417 Diamondhead Dr. E Unit EA, Diamondhead, MS 39525-3310, or wherever she may be found

8. Plaintiff Chiquita Smith was employed by Defendants as a caregiver by Defendants in Bay St. Louis, Mississippi facility. She and all other caregivers were classified as independent contractors rather than employees.

9. Plaintiff and similarly situated caregivers are Defendants' current and/or former caregivers who were misclassified as independent contractors and who were not paid overtime pay for their overtime work at the FLSA overtime compensation rates of pay during all times relevant and material herein.

### III.    JURISDICTION AND VENUE

10. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. Venue is proper in this District because Plaintiff worked for and performed duties for Defendants in this District and Defendants have engaged in business within this District during all times relevant and material to this action.

### IV.    COVERAGE

12. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and similarly situated caregivers.

13. At all material times, Defendants have been an "employer" within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all material times, Defendants have been an "enterprise" within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all material times, Defendants have been an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of section 3(s) the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

16. At all material times, Plaintiff and similarly situated caregivers were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

## V.   FACTUAL ALLEGATIONS

17. Defendants owns and operates a healthcare facility in Mississippi.

18. Plaintiff and similarly situated caregivers worked for Defendants during the three (3) years prior to the filing of this suit and, during this time. Their job duties involve providing caregiving services to Defendants' patients, clients, and customers at Defendants' direction and control.

19. Plaintiffs and similarly situated caregivers were compensated by Defendants on an hourly basis.

20. Plaintiff and similarly situated caregivers typically worked over forty (40) hours per week within weekly pay periods during all times relevant and material herein. For example, Plaintiff's Smith typical schedule involved four (4) shifts per week from 8:00 am until 8:00 pm.

21. Plaintiff and similarly situated caregivers were only paid straight time for each hour worked regardless of how many hours were worked. In other words, they were not paid at a rate equal

to at least one and one-half time their regular rate of pay for all hours worked in excess of forty (40) in any given workweek.

22. Defendants had no good faith basis to believe that Plaintiff and other caregivers were exempt from the overtime requirements of the FLSA.

23. Defendants acted willfully and knew or acted with reckless disregard of applicable laws, regulations and administrative guidelines in failing to pay Plaintiff and similarly situated caregivers overtime compensation.

24. Defendants financially benefitted by failing to pay Plaintiff and similarly situated caregivers overtime compensation for hours worked in excess of 40 per week within weekly pay periods during all times relevant and material herein.

### VI.     PLAINTIFF AND CLASS MEMBERS ARE NOT EXEMPT

25. Plaintiff and other caregivers provide caregiving services to Defendants' patients, clients and customers.

26. Plaintiff and similarly situated caregivers are/were employees of Defendants as a matter of economic reality. The Department of Labor's Wage and Hour Division ("WHD") Administrator's Interpretation No. 2015-1 states that "most workers are employees under the FLSA's broad definitions." Plaintiff and similarly situated caregivers qualify as employees under the FLSA.

27. The foregoing work performed by Plaintiff and similarly situated caregivers is an integral part of Defendants' business. That is, Plaintiff and caregivers provided caregiving services for Defendants' caregiving business.

28. Defendants controlled the work of Plaintiff and similarly situated caregivers at all times whenever they were performing services on Defendants behalf.

29. The duties of the Plaintiff and similarly situated caregivers do not involve managerial work. They follow the training provided to them by Defendants in performing their work, which entails basic caregiving services.

30. Plaintiff and similarly situated caregivers do not make any significantly relative investments in relation to their work with Defendants.

31. Defendants determined the work hours of Plaintiff and those similarly situated.

32. At all times material, Defendants provided Plaintiff and similarly situated caregivers with all products, supplies, and equipment necessary to perform their caregiving services for Defendants.

33. Plaintiff and those similarly situated have had no opportunity to experience a profit or loss related to their employment.

34. Plaintiff and those similarly situated do not share in Defendants' monetary success; the income they receive from Defendants for their work is limited to their hourly rate of pay.

35. The work of the Plaintiff and other caregivers does not require special skills, judgment or initiative.

36. Plaintiff and similarly situated caregivers are economically dependent on Defendants.

37. Plaintiff and similarly situated caregivers have no authority to refuse or negotiate Defendants' rules and policies; they must comply or risk discipline or termination.

38. Defendants instruct Plaintiff and those similarly situated concerning how to do their work and Defendants dictate the details of the performance of their jobs.

39. Throughout the statutory period, Plaintiff and similarly situated caregivers' primary duties were not related to the management of Defendants' business operations or of its patients, clients and customers.

40. Throughout the statutory period, Plaintiff and similarly situated caregivers' primary duties did not require the use of discretion and independent judgment with respect to matters of significance.

41. Throughout the statutory period, Plaintiff and similarly situated caregivers did not perform work requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.

42. Despite the above, Defendants failed to pay Plaintiff and similarly situated caregivers the requisite overtime rate of pay for all hours worked in excess of 40 hours per week within weekly pay periods during all times relevant and material to this action.

43. Rather, Defendants only paid Plaintiff and those similarly situated straight time for hours worked over forty (40) in a particular week, regardless of the number of hours worked over forty (40) in any week.

### VII.    SANDI ANN SEYMOUR-NECAISE'S INDIVIDUAL LIABILITY

44. Throughout the recovery period applicable to this action, individual Defendant Sandi Ann Seymour-Necaise exercised operational control over the business activities and operations of Defendant Care4all, including control over their hourly-paid caregivers.

45. In particular, Defendant Sandi Ann Seymour-Necaise is directly responsible for the decision to not pay Plaintiff and other caregivers overtime pay.

46. Accordingly, Defendant Sandi Ann Seymour-Necaise acted "directly or indirectly in the interest of an employer in relation to" the Named Plaintiff and the class within the meaning of §203(d) of the FLSA, and is thus individually and personally liable for the unpaid overtime wages, unpaid minimum wages, liquidated damages, costs and attorneys' fees, and any and all other relief sought herein.

## VIII.   COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

48. Plaintiff and all other caregivers performed the same or similar job duties as one another and were/are paid under the same pay policy or practice of Defendants, worked more than forty (40) hours per week within weekly pay periods and were improperly classified as independent contractors.

49. The proposed collective class of similarly situated persons is defined as: All current and former caregiver workers of Defendants during the three (3) years preceding the filing of this action ("Class Members").[1]

50. All caregivers, regardless of their precise job title, requirements, or rates of pay, are entitled to overtime compensation for hours worked in excess of forty (40) hours per week because they were misclassified as independent contractors. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the putative class.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

51. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

52. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

53. Defendants violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. § 207 by employing workers in an enterprise engaged in commerce or in the production

---

[1] Plaintiffs reserve the right to amend the Class Description.

of goods for commerce for workweeks longer than forty (40) hours without compensating such non-exempt employees for their overtime work.

54. Through their actions, plans, policies and practices Defendants acted willfully and without a good faith basis, thereby violating the FLSA by regularly and repeatedly failing to compensate Plaintiff and Class Members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all other caregivers of Defendants, request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff of all unpaid overtime compensation;

b) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i) Allow Named Plaintiff to further amend her Complaint, if necessary, as new facts are discovered; and

j) Provide additional general and equitable relief to which Plaintiff and Class Members may be

entitled and any further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a **TRIAL BY JURY** as to all issues.

Dated: April 20, 2022.   Respectfully Submitted,

*/s/ Garner J. Wetzel*
James K. Wetzel, MB #7122
Garner J. Wetzel, MB #103596
Wetzel Law Firm
Post Office Box I
Gulfport, MS 39502
Tel: (228) 864-6400
Fax: (228) 863-1793
Email: jkwetzel@wetzellawfirm.com
gjwetzel@wetzellawfirm.com

&

*/s/ J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)*
Robert E. Turner, IV (TN BPR #35364)*
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*

*ATTORNEYS FOR PLAINTIFFS*

*Pro Hac Vice admission anticipated